UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FIGUEROA HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | Case No. 1:26-cv-03326-JLT-FJS<br>(A-Number: 234-140-326)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 2, 10.) |

Petitioner is an immigrant detainee seeking a writ of habeas corpus pursuant to 28 U.S.C. 2241. (ECF No. 1.) Currently before the court are Petitioner's two separate requests for appointment of counsel. (*See* ECF No. 2, 10.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). Nonetheless, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of the petition and the motions filed in this action, the court finds that Petitioner appears able to articulate his claims adequately without the assistance of counsel. The Petition is sufficiently well-organized and pleaded well enough to allow the court to understand the relevant issues involved in the dispute. With respect to the complexity of the legal issues involved, the court has been able to resolve similar petitions without the appointment of counsel. Should this court later determine that the interests of justice are, in fact, served by appointment of counsel, the court will order appointment of counsel for Petitioner at that time. The court will resolve the merits of the pending petition for writ of habeas corpus in due course.

Accordingly, Petitioner's motions for appointment of counsel (ECF Nos. 2, 10) are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 15, 2026**

UNITED STATES MAGISTRATE JUDGE